LAWRENCE BARRETT, Individually and as Administrator of the Estate of MAMIE BARRETT, Deceased, Respondent, *v.* STATE OF NEW YORK, Appellant.

Fourth Department, January 14, 1965.

*Louis J. Lefkowitz, Attorney-General (Jean M. Coon* and *Paxton Blair* of counsel), for appellant.

*Dyer & Bucko (Benjamin J. Bucko* of counsel), for respondent.

*Per Curiam.* Claimant, accompanied by his wife, was operating a motor vehicle down a long, steep hill during an intermittent heavy rain storm, and applied his brakes upon sighting an approaching automobile. His car slid sideways and collided with the other vehicle. Claimant and his wife were injured.

The latter died as a result of her injuries. There was proof that the wet surface of the highway was excessively slippery at the time. The investigating peace officer testified that he fell upon alighting from his vehicle and about the same time several other cars came down the hill, skidded, and went in the ditch. Such proof was admissible, of course, not for the purpose of showing notice to the State, but to establish the existence of a dangerous condition. (*Stern* v. *State of New York,* 32 Misc 2d 357, 361, affd. 18 A D 2d 1115.)

The trial court in awarding damages to claimant found that the State was negligent in failing to erect certain signs to warn operators of vehicles as to the potential danger. It further found negligence in that the highway in the vicinity of the accident "does not meet present-day highway construction standards in terms of elevation, banking, curvature and level of grade". This finding was contrary to the evidence. The testimony of claimant's expert upon the subject was confusing and of no probative force. "Roads cannot always be straight and level, and curves with descending grades are always potentially dangerous. A highway may be said to be reasonably safe when people who exercise care can and do travel over it safely" (*Boyce Motor Lines* v. *State of New York,* 280 App. Div. 693, 696, affd. 306 N. Y. 801). The State had jurisdiction over this highway for upwards of 30 years and there was no substantial proof of improper construction or that others (with a single exception) had not safely traversed the road.

Claimant further contended that the State was negligent in failing to erect a " curve " sign in addition to the signs in place at the time of the accident. Upon all the proof we conclude that liability may not be imposed upon this claimed omission.

Lastly, we consider the finding of the trial court that the State was negligent in failing to erect a " Slippery When Wet " sign. Here we are met with a deficiency in the proof. In substance claimant's expert testified that after a macadam road had been used for a period of time, that portion on a grade would become more slippery when wet as the result of a " smoothing or ironing " process caused by vehicles applying power to ascend, or brakes to descend the grade. This condition could be remedied by resurfacing. But there was no proof as to the date of the last resurfacing or the condition of the texture of the road at or near the date of the accident. The expert " presumed " the last treatment was during the previous year.

In this state of the proof no proper foundation was laid to receive the opinion of the expert that a sign warning that the road was slippery when wet should have been erected. While

the trial court did not expressly overrule the objection of the State to the receipt of such opinion evidence the ruling as made (and elsewhere repeated during the trial) resulted in a confusing record. The trial court reserved decision on the State's objection and stated that it would give "such weight to the testimony as [it] determine[d] is warranted." Thereafter the court never ruled on its reserved decision to the objection and if any weight was given to the opinion it was error. It is permissible, of course, to receive evidence in a nonjury trial subject to the right of the objecting party subsequently to move to strike, but the ultimate decision of the court that a party has been guilty of negligence must be based upon proof properly received. This was not done herein.

All of this mandates a new trial. In the absence of a ruling either during or after the trial on the objection to the receipt of the opinion of the expert, counsel for claimant was justified in believing that the proof had been received. If the objection had been promptly sustained the deficient proof as to the texture of the road might have been supplied by other competent testimony and the expert recalled.

The judgment should be reversed and a new trial granted.

WILLIAMS, P. J., BASTOW, GOLDMAN, NOONAN and DEL VECCHIO, JJ., concur.

Judgment unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to either party.